1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DEREK TODD,

11              Plaintiff,                    No. CIV S-11-2346 LKK DAD PS

12        v.

13    JUDGE ROBERT McELHANY,            ORDER AND
      PLACER COUNTY SUPERIOR COURT,     FINDINGS AND RECOMMENDATIONS
14    STATE OF CALIFORNIA,

15              Defendant.

16    _____/

17              Plaintiff, Derek Todd, proceeding in this action pro se, has requested leave to

18    proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This matter was referred to the

19    undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

20              Plaintiff has submitted an in forma pauperis application that makes the showing

21    required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies

22    financially for in forma pauperis status does not complete the inquiry required by the statute.  The

23    court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to

24    be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on

25    which relief may be granted, or seeks monetary relief against an immune defendant.  See 28

26    U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in

1

fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

        To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

        The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

        Here, plaintiff's filing is deficient in several respects.  First, a civil action is commenced by filing a complaint with the court.  Fed. R. Civ. P. 3.  Plaintiff has not filed a complaint, but instead has submitted to the court only a document styled as a "Motion for Summary Judgment or Partial Summary Judgment."  Nonetheless, the Clerk of the Court has construed plaintiff's filing as complaint.  Out of an abundance of caution, the court will so as well.

/////

In that pleading, plaintiff states that defendant, Placer County Superior Court Judge Robert McElhany, is presiding over plaintiff's family law matter in the Placer County Superior Court.  Plaintiff alleges that Judge McElhany is partial, biased and prejudiced against plaintiff in violation of 28 U.S.C. § 455 and should therefore disqualify himself from presiding over the state court proceedings involving plaintiff.  However, "[a]s the statutory language makes clear, [28 U.S.C. § 455] applies solely to members of the federal judiciary."  United States v. International Broth. of Teamsters, 931 F. Supp. 1074, 1102 (S.D. N.Y. 1996).  Placer County Superior Court Judge McElhany is presiding over plaintiff's family law action as a member of the judiciary of the State of California and is therefore not subject to the provisions of 28 U.S.C. § 455.[1]

Moreover, it appears from reading the allegations set forth by plaintiff in his pleading that his family law case is still pending before the Placer County Superior Court.  While federal courts have an obligation to exercise jurisdiction where it exists, particularly in civil rights cases, abstention may be required under the decision in Younger v. Harris, 401 U.S. 37 (1971), when there are ongoing state judicial proceedings implicating important state interests and there is adequate opportunity in the state proceedings to raise federal questions. Confederated Salish v. Simonich, 29 F.3d 1398, 1405 (9th Cir. 1994); Miofsky v. Superior Court of the State of California, 703 F.3d 332, 337-38 (9th Cir. 1983).

Here, it appears from reading plaintiff's submission that there are ongoing state judicial proceedings that implicate important state interests involving domestic relations, and the

---

[1]  Moreover, even if Placer County Superior Court Judge McElhany were subject to 28 U.S.C. § 455, under that federal statutory provision a decision regarding disqualification is made by the judge whose impartiality is at issue.  Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986).  Moreover, under that provision, a federal judicial officer  is required to disqualify herself or himself from a case if their impartiality might reasonably be questioned or if the judge has a personal bias or prejudice against a party. Rulings made during the course of a judicial proceeding that are unfavorable to a party ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the ruling or "such a high degree of favoritism or antagonism as to make fair judgment impossible."  Liteky v. United States, 510 U.S. 540, 555 (1994).

1    state proceedings clearly provide an adequate opportunity for plaintiff to raise any federal

2    questions.  See Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (holding that the domestic

3    relations exception to federal subject matter jurisdiction "divests the federal courts of power to

4    issue divorce, alimony and child custody decrees); Coats v. Woods, 819 F.2d 236, 237 (9th Cir.

5    1987) (affirming abstention where the case raised constitutional issues but was "at its core a child

6    custody dispute"); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (finding abstention

7    appropriate despite the presence of constitutional issues where the plaintiff sought visitation with

8    children who were wards of the state court).

9            Finally, plaintiff seeks a writ of mandamus from this court pursuant to 28 U.S.C. §

10   1361 prohibiting Judge McElhany from continuing to preside over plaintiff's family law action.

11   Although the federal mandamus statute provides that "[t]he district courts shall have original

12   jurisdiction of any action in the nature of mandamus to compel an officer or employee of the

13   United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361,

14   federal district courts are without power to issue mandamus to direct state courts, state judicial

15   officers, or other state officials in the performance of their duties.  A petition for a writ of

16   mandamus to compel a state court or official to take or refrain from some action is frivolous as a

17   matter of law.  See Demos v. U.S. District Court, 925 F.2d 1160, 1161 (9th Cir. 1991) ("We

18   further note that this court lacks jurisdiction to issue a writ of mandamus to a state court."); Clark

19   v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue

20   writs of mandamus to direct state courts or their judicial officers in the performance of their

21   duties[.]"); see also Newton v. Poindexter, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has

22   no application to state officers or employees); Dunlap v. Corbin, 532 F. Supp. 183, 187 (D. Ariz.

23   1981) (finding that the court could not issue writ of mandamus directing state agency to provide

24   plaintiff with a trial), aff'd without opinion, 673 F.2d 1337 (9th Cir. 1982); Umbenhower v.

25   Schwarzenneger, No. C 10-01198 JW (PR), 2010 WL 4942512, at *1 (E.D. Cal. Nov. 24, 2010).

26   Accordingly, this court cannot grant the relief plaintiff seeks.

4

1    For all the reasons cited above, plaintiff's complaint should be dismissed for

2   failure to state a claim upon which relief can be granted.

3    The undersigned has carefully considered whether plaintiff may amend his

4   pleading to state a claim upon which relief can be granted.  "Valid reasons for denying leave to

5   amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

6   Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

7   Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

8   while leave to amend shall be freely given, the court does not have to allow futile amendments).

9   In light of the obvious deficiencies noted above, the court finds that it would be futile to grant

10   plaintiff leave to amend.

11    Plaintiff has also filed a request to have this entire case, including a voluminous

12   binder containing records from his state court family law proceedings, hearing transcripts, police

13   reports, etc, filed under seal.  Many of the documents contain information relating to plaintiff's

14   minor children.  Plaintiff is advised that all documents filed with the court are presumptively

15   public.[2]  See San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir.

16   1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court

17   order to the contrary, presumptively public.").  Pursuant to Federal Rule of Civil Procedure

18   5.2(d), a court "may order that a filing be made under seal without redaction."  However, even if

19   a court orders an unredacted version filed under seal, it may "later unseal the filing or order the

20   person who made the filing to file a redacted version for the public record."  Id.  "Historically,

21   courts have recognized a general right to inspect and copy public records and documents,

22   including judicial records and documents."  Kamakana v. City & County of Honolulu, 447 F.3d

23   /////

24

25    [2]  A party may have a right to protect from public disclosure information that has been
produced to another party in discovery but has not been filed with the court.  Seattle Times Co. v.

26   Rhinehart, 467 U.S. 20, 33 & n.19, 37 (1984).

1172, 1178 (9th Cir. 2006) (quotation omitted).  The Ninth Circuit has addressed the standards

governing motions to seal documents, explaining that:

> Two standards generally govern motions to seal documents like the
> one at issue here.  First, a "compelling reasons" standard applies to
> most judicial records.  See Kamakana v. City & County of
> Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (holding that "[a]
> party seeking to seal a judicial record ... bears the burden of ...
> meeting the 'compelling reasons' standard"); Foltz v. State Farm
> Mut. Auto. Ins. Co., 331 F.3d 1122, 1135-36 (9th Cir. 2003).  This
> standard derives from the common law right "to inspect and copy
> public records and documents, including judicial records and
> documents."  Kamakana, 447 F.3d at 1178 (citation and internal
> quotation marks omitted).  To limit this common law right of
> access, a party seeking to seal judicial records must show that
> "compelling reasons supported by specific factual findings ...
> outweigh the general history of access and the public policies
> favoring disclosure."  Id. at 1178-79 (internal quotation marks and
> citations omitted).

> * * *

> The relevant standard for purposes of Rule 26(c) is whether "'good
> cause' exists to protect th[e] information from being disclosed to
> the public by balancing the needs for discovery against the need for
> confidentiality."  Phillips ex rel. Estates of Byrd v. Gen. Motors
> Corp., 307 F.3d 1206, 1213 (9th Cir. 2002).  This "good cause"
> standard presents a lower burden for the party wishing to seal
> documents than the "compelling reasons" standard.  The
> cognizable public interest in judicial records that underlies the
> "compelling reasons" standard does not exist for documents
> produced between private litigants.  See Kamakana, 447 F.3d at
> 1180 (holding that "[d]ifferent interests are at stake with the right
> of access than with Rule 26(c)"); Foltz, 331 F.3d at 1134 ("When
> discovery material is filed with the court ... its status changes.").

> The "good cause" standard is not limited to discovery.  In Phillips,
> we held that "good cause" is also the proper standard when a party
> seeks access to previously sealed discovery attached to a
> nondispositive motion.  307 F.3d at 1213 ("when a party attaches a
> sealed discovery document to a nondispositive motion, the usual
> presumption of the public's right of access is rebutted").
> Nondispositive motions "are often 'unrelated, or only tangentially
> related, to the underlying cause of action,'" and, as a result, the
> public's interest in accessing dispositive materials does "not apply
> with equal force" to non-dispositive materials.  Kamakana, 447
> F.3d at 1179.  In light of the weaker public interest in
> nondispositive materials, we apply the "good cause" standard when
> parties wish to keep them under seal.  Applying the "compelling
> interest" standard under these circumstances would needlessly

"undermine a district court's power to fashion effective protective orders." <u>Foltz</u>, 331 F.3d at 1135.

<u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-78 (9th Cir. 2010) (footnote omitted).

Here, plaintiff offers no argument in support of his request to have his entire submission filed under seal. However, in light of the recommended disposition of this matter, and in response to plaintiff's own request the Clerk of the Court will be directed to return to plaintiff the binder filed with his September 6, 2011 "Motion for Summary Judgment or Partial Summary Judgment" and the documents contained therein.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 6, 2011, request to seal is denied. The Clerk of the Court is directed to docket plaintiff's September 6, 2011 complaint, styled as a "MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT"; and

2. The Clerk of the Court is directed to return to plaintiff, without docketing, the binder filed with plaintiff's September 6, 2011 pleading.

IT IS RECOMMENDED that:

1. Plaintiff's September 6, 2011 application to proceed in forma pauperis be denied;

2. Plaintiff's September 6, 2011 complaint be dismissed without leave to amend; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

/////

1  objections within the specified time may, under certain circumstances, waive the right to appeal

2  the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: November 9, 2011.

4

5

_____

6  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

7  DAD:6
   Ddad1\orders.prose\todd2346.ifp.dwolta.f&rs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26